**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 8, 2010

No. 09-50850

Lyle W. Cayce
Clerk

YVONNE MEADOWS; LARRY MEADOWS,

Plaintiffs-Appellants

v.

LAKE TRAVIS INDEPENDENT SCHOOL DISTRICT; JANIE BRAXDALE,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CV-819

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants Larry Meadows and Yvonne Meadows challenge the Raptor Visitor Management System ("Raptor") and the implementation ("Regulation FFF") of this system by Defendant-Appellee Lake Travis Independent School District ("the District"). Regulation FFF requires visitors to schools in the District to provide personal identification to determine whether they are registered sex offenders. The Meadowses challenge the policy as a violation of their constitutional rights to speech, assembly, association, freedom

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

from unreasonable search or seizure, privacy, procedural due process, and substantive due process, as well as various aspects of state law. The district court granted summary judgment in favor of the District and assessed costs against the Meadowses. We affirm.

## I. FACTS AND PROCEEDINGS

Following an incident in which a sex offender gained access to a school in the District and exposed himself to a child, the District implemented Regulation FFF to provide greater safety for the students. Under Regulation FFF, every visitor is required to provide a state-issued photo ID as a condition of entering secure areas where students are present. Visitors scan their ID through the Raptor System, which takes a picture of the information on the front of the ID, but collects no other information. Raptor enables schools to monitor access to their premises and check visitors' names and dates of birth to determine whether they are listed on the registered-sex-offender databases of any of the fifty states or the federal territories. Raptor has modern and secure encryption and storage procedures.

The event that precipitated the instant litigation occurred when Mrs. Meadows visited Bee Cave Elementary School ("the School") in September 2006. The Meadowses' children were students there at that time. Mrs. Meadows refused to allow the School either to scan her driver's license or to permit the School to input her information manually. As a result, she was denied access to the areas of the School that she wished to visit and had to meet with her children's teachers in a conference room in the main office area. Similar incidents occurred when Mrs. Meadows visited the school to attend a musical, a volleyball game, and the School's annual Thanksgiving lunch.

The Meadowses brought suit in district court. The District moved for summary judgment, which the district court granted on all claims. The district court also taxed costs against the Meadowses, who timely filed a notice of appeal.

## II. ANALYSIS

## A. Standard of Review

We review grants of summary judgment *de novo*, applying the same standard as the district court.[1] Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.[2]

## B. Constitutional Violations

The Meadowses asserted their constitutional claims via 42 U.S.C. § 1983. To prove a violation, a plaintiff must show that an entity, acting under the color of state law, deprived him of a right under the United States Constitution or federal law.[3] We conclude, as did the district court, that the School's enforcement of Regulation FFF does not deprive the Meadowses of any right protected by the Constitution, so they cannot prevail on their § 1983 claim.

The Meadowses' main argument is that Regulation FFF violates their substantive due process right to direct their children's education. We disagree. The Meadowses must show they have a fundamental right to access the secure areas of the School, but they have failed to do so.[4] We readily acknowledge that parents do have a constitutional right to direct their children's education,[5] but the Meadows have put forth no caselaw for the proposition that this right extends so far as to include the unfettered right of a parent to visit all areas of a school campus while students are present. All cases to which the Meadowses cite involve parental interests more fundamental than merely visiting all areas of a school in which the parents' children are present. The Meadowses were not

---

[1] *See, e.g.*, *Kohler v. Englade*, 470 F.3d 1104, 1108-09 (5th Cir. 2006).

[2] *Id.* at 1109.

[3] *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

[4] *See Washington v. Glucksberg*, 521 U.S. 702, 720 (1997).

[5] *See Meyers v. State of Nebraska*, 262 U.S. 390 (1923); *Pierce v. Soc'y of Sisters of the Holy Names of Jesus and Mary*, 268 U.S. 510 (1925).

denied the ability to make fundamental decisions about their children's education.

Even if we assume arguendo that the Meadowses have a fundamental right to access all areas of their children's school while children are present, Regulation FFF would still pass strict scrutiny. That regulation both addresses a compelling state interest and is narrowly tailored to achieve it. The District obviously has a compelling interest in determining, *inter alia*, whether a potential visitor to its school is a registered sex offender. The regulation is narrowly tailored because Raptor takes only the minimum information necessary to determine sex-offender status, identify the visitor, and ensure the lack of false positives. The alternatives that the Meadowses proposed were neither more narrowly tailored nor workable.

We also agree with the district court and adopt its reasoning regarding the other constitutional violations alleged by the Meadowses. The Meadowses have not shown in any meaningful way that they were denied procedural due process or that any restriction of Regulation FFF denies their First Amendment rights. Further, the Meadowses claims of the violation of their right to privacy fail because they have not shown that they have a right to privacy in their driver's licenses, nor can they. But, even if the information were constitutionally protected, the state has erected adequate safeguards to ensure the privacy of the the information.[6] Their Fourth Amendment claim similarly fails. Even if this were to be construed as a search or a seizure, we would hold it to be a reasonable one.

## C. Costs

The district court taxed $4,832.81 in costs against the Meadowses. We review the award of costs for abuse of discretion.[7] "Unless a federal statute, [the

---

[6] *See Whalen v. Roe*, 429 U.S. 589, 601-02 (1977).

[7] *See Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006).

Federal Rules], or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."[8]   Although attorney's fees are expressly provided for in 42 U.S.C. § 1988, that section does not address costs other than attorney's fees, so the general mandate of Rule 54(d)(1) applies.

"Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs. [We have] held that 'the prevailing party is prima facie entitled to costs.'"[9] As the Meadowses have neither shown us any basis for rebutting that presumption nor demonstrated that any of the costs were unreasonable, we are satisfied that the district court was well within its discretion in awarding these costs to the Defendants-Appellees.

### III. CONCLUSION

The Meadowses have failed to show, as they must to prevail under § 1983, that they have been deprived of a constitutional right.  Neither have they shown that the district court abused its discretion in assessing costs against them.  The grant of summary judgment and the award of costs to the Defendants-Appellees are, in all respects, AFFIRMED.

---

[8] Fed. R. Civ. P. 54(d)(1).

[9] *Pacheco*, 448 F.3d at 793 (citations omitted).